```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALG ENTERPRISES d/b/a CASTLE ROCK SALES, | HON. JEROME B. SIMANDLE |
| Plaintiff/Appellant, | Civil No. 03-6031 (JBS) |
| v. |  |
| GEM PRODUCE NETWORK, INC., | **MEMORANDUM OPINION** |
| Defendant/Appellee. |  |

**SIMANDLE**, District Judge:

This is a motion for clarification and reconsideration of the Court's December 16, 2004 Opinion and Order granting in part and denying in part the motion for summary judgment by Defendant/Appellee Gem Produce Network, Inc. ("Gem Produce" or "Gem"). By that summary judgment motion, Gem sought affirmance of the Secretary of Agriculture's Decision and Order requiring Plaintiff/Appellant ALG Enterprises d/b/a Castle Rock Sales ("Castle Rock") to pay Gem $21,893.00, plus attorney's fees and costs, in connection with a dispute over two loads of black seedless grapes that Gem Produce purchased from Castle Rock on or about October 8, 1998. This Court affirmed the Secretary's determination in part, but held that there were material facts in dispute regarding whether (1) the second load of grapes were shipped in abnormal conditions, and (2) Gem used reasonable care in handling the second load of grapes after rejection. For the reasons now explained, those conclusions are correct.

**I.     STANDARD OF REVIEW**

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  <u>DeLong Corp. v. Raymond Int'l, Inc.</u>, 622 F.2d 1135, 1140 (3d Cir. 1980), <u>overruled on other grounds by</u> <u>Croker v. Boeing Co.</u>, 662 F.2d 975 (3d Cir. 1981); <u>Williams v. Sullivan</u>, 818 F. Supp. 92, 93 (D.N.J. 1993).  A motion for reconsideration is improper when it is used to ask the Court to rethink what it has already thought through – rightly or wrongly.  <u>Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co.</u>, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

**II.    DISCUSSION**

   A.    <u>Motion for Clarification</u>

Initially, Gem moves for clarification as to whether the Court's December 16, 2004 Opinion and Order distinguished between the two loads of grapes at issue.

Plaintiff's appeal challenges the Secretary of Agriculture's determination that there were no abnormal shipping conditions

present during the transport of the second load of grapes.  (Pet. at 4.)  Gem Produce recognized as much in its brief in support of its motion for summary judgment when it summarized the issues on appeal.  (Def. Summ. J. Br. at 2.)  Despite Gem's suggestion to the contrary, this Court as well properly distinguished between the two loads, focusing its analysis only on the second load. (See 12/16/03 Slip. Op. at 3, 6, 7, 9 and 15.)  To eliminate any confusion, the Court reiterates that its December 16, 2004 Opinion and Order dealt only with the second load of grapes.

However, as Castle Rock did not appeal the Secretary's determination as to the first load, the Court will not, as Gem now requests, grant "partial summary judgment . . . in favor of Gem and against Castle Rock on the first load in the principal amount of $10,061.50."  (Def. Br. at 2.)

B.   Motion for Reconsideration

Next, Gem asks the Court to reconsider its conclusion that there are material issues of fact regarding (1) the cause of the defective second shipment, and (2) whether Gem used reasonable care in handling the second load of grapes after rejection.[1] This motion is not appropriate under L. Civ. R. 7.1(i), as its sole purpose is to ask the Court to rethink what it has already

---

[1] Plaintiff mistakenly moves for reconsideration under L. Civ. R. 7.1(g).  By Order dated February 24, 2005, the Local Civil Rules were amended so that Rule 7.1(i) now governs motions for reconsideration.  The amended rule made no substantive change other than concerning filing of opposition papers.

thought through.  Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Accordingly, the motion will be denied.

    1.   Shipping Conditions

As the Court explained in its December 16, 2004 Opinion, there are material issues of fact as to (1) the temperature at which the second load of grapes was shipped; and (2) whether that temperature caused the damage to the grapes.  In reaching its conclusion, the Court focused on the discrepancy between the temperature noted in the USDA inspection certificate (33°F to 34°F), and that stated by the on-board recorder (25°F).[2]  Importantly, Gem Produce concedes that these were the temperatures recorded (Gem. Recon. at 6) and, thus, implicitly acknowledges that there is a dispute of fact as to the transport temperature.

In holding that the damage to the second load of grapes did not result from an abnormal transport, the Secretary concluded that the temperature recorded on-board was inaccurate.

---

[2] The Court also noted in its discussion Castle Rock's proffer that an expert would testify at trial that the damage to the second load of grapes was caused by the below freezing temperatures at which the grapes were shipped.  Gem Produce is correct that such an affidavit is, by itself, insufficient to defeat a motion for summary judgment.  See Fed. R. Civ. P. 56(e).  As the discussion infra clarifies, though, the Court's conclusion was not based on that proffer.  Rather, the Court relied on the factual dispute both as to the shipping temperature as well as the cause of the damage to the grapes.

Specifically, the Secretary noted that, considering the freezing point of grapes is 30°F, had the on-board transport temperature actually been 25°F the USDA inspectors would have detected freeze damage to the grapes. The Secretary concluded that because the USDA certificate of inspection did not reveal any such damage, the on-board recorder must have been inaccurate. (Gem Ex. A at 11-12; Gem Ex. B.) That conclusion, though prima facie evidence of the facts stated, 7 U.S.C. § 499g(c), was based on nothing more than logical inference. Indeed, the Secretary offers no explanation of whether the USDA temperature measurements and inspection, rather than those taken by the on-board recorder, could have been faulty.

As the above discussion makes clear, there is an obvious dispute of fact regarding the on-board transport temperature. In light of this factual dispute, there are also questions of fact as to the cause of damage to the second load of grapes. Therefore, whether the damage resulted from abnormal transport and, thus, whether the warranty of suitable shipping condition was breached, are both questions for a trier-of-fact.

For these reasons, the Court will not change its determination that the motion for summary judgment on the issue of abnormal shipping condition of the second load of grapes should be denied.

      2.   <u>Reasonable Care Following Rejection</u>

Gem Produce also seeks reconsideration of this Court's holding that there is a factual question as to the degree of care Gem exercised following its rejection of the second load of grapes.  Again, Gem Produce is asking the Court to reconsider what it has already thought through, without pointing to any matter which it believes the Court overlooked as required by Rule 7.1(i).[3]  Accordingly, the instant motion will be denied as to this issue as well.

### III. CONCLUSION

For the reasons explained in this Opinion, the motion for reconsideration will be denied in its entirety.  The accompanying Order will be entered.


**9/22/05**                                    **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                U.S. District Judge

---

[3] To the extent that Gem argues that the Court overlooked <u>Gans v. Mundy</u>, 762 F.2d 338 (3d Cir. 1985), in deciding the motion for summary judgment, it is worth noting only that (1) Gem Produce cited that decision for the first time in connection with the instant motion and (2) <u>Gans</u> was a legal malpractice case decided under Pennsylvania law.